Robert B. Zelms (State Bar No. 018956)
 *rbz@manningllp.com*
Anthony S. Vitagliano (State Bar No. 009331)
 *asv@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
3636 North Central Avenue, 11th Floor
Phoenix, Arizona 85012
Telephone: (602) 313-5469
Facsimile: (602) 313-5499

*Attorneys for Burch & Cracchiolo. P.A. and Alan Meda*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>DANIEL LEWIS HENDON,<br><br>    Debtor.<br><br>Diversified Funding Group, LLC, *et al.*,<br><br>    Judgment Creditors,<br><br>v.<br><br>Daniel Hendon, Debtor, *et al.*,<br><br>    Defendants. | Chapter 11 Proceedings<br><br>Case No. 2:11-bk-21164-SHG<br><br>**Adversary Case No. 2:16-ap-00127**<br><br>**DEFENDANTS BURCH & CRACCHIOLO, P.A.'S AND ALAN MEDA'S MOTION TO DISMISS, AND JOINDER IN DEFENDANTS ERNIE GARCIA, STEVEN JOHNSON, VERDE AUTO SERVICES, LLC AND VERDE INVESTMENTS, INC.'S MOTION TO DISMISS, FIRST AMENDED ADVERSARY COMPLAINT WITH PREJUDICE** |

Pursuant to Fed. R. Civ. P. 12(b)(6), applicable under Bankruptcy Rule 7012(b)(6), Defendants Burch & Cracchiolo, P.A. and Alan Meda (collectively, "B&C Defendants") by and through undersigned counsel, hereby submit their Motion to Dismiss and Joinder in Defendants Ernie Garcia, Steven Johnson, Verde Auto Services, LLC and Verde Investments, Inc. (collectively, "Verde")'s Motion to Dismiss First Amended Complaint with Prejudice [Adv. Dkt. #47 ("Verde's MTD")] and move the Court to dismiss Plaintiffs' First Amended Adversary Complaint [Adv. Dkt. #30] (the "Amended Complaint") in the above Adversary Proceeding for failure to state a claim upon which relief can be granted.

B&C Defendants previously filed their Motion to Dismiss [Adv. Dkt. #13 ("B&C Defendants' 6/1/16 MTD")] as to Plaintiffs' original Complaint [Adv. Dkt. #1 ("Original

Complaint")] because Plaintiffs lack standing to bring their 11 U.S.C. §548 fraudulent conveyance claims, as well as because such claims are time barred under 11 U.S.C. §§546 and 548, and because Plaintiffs' RICO claims fail to state a claim upon which relief can be granted and fail to satisfy Fed. R. Civ. P. 9(b). B&C Defendants' 6/1/16 MTD also joined in Defendants Heather, Nell and Victoria Hendons' Motion to Dismiss Plaintiffs' Original Complaint. [Adv. Dkt. #5 ("Hendons' 5/6/16 MTD").] In response, Plaintiffs filed their Amended Complaint. As set forth herein and Verde's MTD, the Amended Complaint does not cure Plaintiffs' Original Complaint's failings, and in fact adds additional counts, equally subject to dismissal for failure to state a claim. Accordingly, B&C Defendants move the Court to dismiss Plaintiffs' Amended Complaint with prejudice without leave to further amend because such would be futile.

This Motion is supported by the accompanying Memorandum of Points and Authorities, B&C Defendants' 6/1/16 MTD (which incorporated Hendons' 5/16/16 MTD), and Verde's MTD, in which B&C Defendants hereby join and incorporate herein in its entirety–including all its recitation of facts, arguments and legal precedents–by this joinder.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND BACKGROUND.

#### A. Underlying Facts.

This case involves a debt that Defendant Danny Hendon ("Hendon") owes to Plaintiffs. Hendon and his related entities faced financial difficulties resulting in their bankruptcies in 2010 and 2011. Hendon's personal Chapter 11 bankruptcy proceeding, Case No. 2:11-bk-21164-SHG (the "Bankruptcy Case" or "BC") is the underlying bankruptcy action for this Adversary case. B&C Defendants, and one of its shareholder attorneys, attorney Alan Meda, have represented Hendon in the Bankruptcy Case since substituting in the case as counsel on October 28, 2014. [BK Dkt. #44.] The additional facts set forth in Verde's MTD, 3:2-6:8, are incorporated herein.

#### B. Procedural History.

Plaintiffs filed the Original Complaint March 4, 2016, alleging fraudulent transfer

claims under 11 U.S.C. §548 and civil RICO claims under 18 U.S.C. §1962, against 21 defendants.[1] On May 6, 2016, Defendants Heather, Nell and Victoria Hendons filed Hendons' 5/6/16 MTD. [Adv. Dkt. #5.] On June 1, 2016, B&C Defendants filed B&C Defendants' 6/1/16 MTD. [Adv. Dkt. #13.] On June 3, 2016, before the other Defendants filed their responsive pleadings, the parties entered a stipulation to extend response deadlines in an unsuccessful attempt to mediate a resolution. [Adv. Dkt. #14.] On July 13, 2016, the parties entered a third stipulation to extend response deadlines, providing Plaintiffs' additional time up to August 1, 2016, to file their Amended Complaint and Defendants until September 15, 2016, to respond to Plaintiffs' amended pleading. [Adv. Dkt. #14.]

In light of the then pending motions to dismisses' arguments, Plaintiffs offered to buy the Hendon Estate's claims herein from the Liquidating Trustee ("Trustee") under 11 U.S.C. §363. On July 1, 2016, the Trustee filed a Motion for Sale of Property Free and Clear of Liens/Motion to Approve Sale of Certain Liquidating Trust Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, or in the Alternative, Confirming that Bankruptcy Court Approval is not Required for the Trustee to Sell Such Assets. In said motion, the Trustee sought bankruptcy court approval to sell the adversary claims that were set forth, or could be set forth, in Plaintiffs' Complaint, for 10% of any recovery and relinquishing any say in the resolution of such claims. [BC Dkt. #180, ("Motion to Approve Sale of Claims").] On July 17, 2016, Verde Defendants, K. Carroll, and Hendon all filed objections to the motion [BC Dkt. ##193-95]; which objections Plaintiffs opposed. [BC Dkt. #198.]

On July 15, 2016, the Court held a hearing on the Motion to Approve Sale of Claims, at which the Verde Defendants, in an effort to avoid litigating Plaintiffs' frivolous claims, offered a competing bid of $200,000 cash for claims subject to the Motion to Approve Sale of Claims, and the Court ordered an evidentiary hearing on the competing bids. [BC Dkt. #203

---

[1] The Trustee filed a Motion to Convert Mr. Hendon's Chapter 11 case to a Chapter 7 case on April 29, 2016. [BC Dkt. #166.] Mr. Hendon opposed the motion. [BC Dkt. #176.] On July 26, 2016, the Court held a hearing on the motion to convert. [BC Dkt. #211 and #213.] The Court has yet to rule on the motion.

and #207.] On July 25, 2016, the Court held the evidentiary hearing on the Motion to Approve Sale of Claims. [BC Dkt. #210 and #214.] *See also* Verde Defendants' Supplement Re: Objection to Motion to Approve Sale [BC Dkt. #205], 2:11-16:11; Verde Defendants' Trial Brief Re: Sale of Certain Liquidating Trust Assets [BC Dkt. #208], 10:4-15:5. The Court has yet to rule on the motion. Accordingly, the Trustee continues to own all the Hendon Estate's causes of action.

### C. The Amended Complaint.

Plaintiffs filed their Amended Complaint on August 4, 2016, adding 6 additional counts, for a total of 8 counts; and adding 5 additional defendants and eliminating 1, for a net total of 25 defendants; alleging all counts against all Defendants. [Adv. Dkt. #20.] The Amended Complaint specifically names one or both of the B&C Defendants in only 12 of 201 paragraphs. [Amended Complaint, ¶¶11, 12, 53, 66, 67, 68, 97, 148, 159, 177, 178 and 179.]

## II. LEGAL STANDARD.

A claim will be dismissed under Rule 12 (b)(6), "if it lacks a cognizable legal theory or if it alleges insufficient facts to support a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).[2] Dismissal under Rule 12(b)(6) is therefore appropriate if the complaint fails to include "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery" under Plaintiff's legal theories. *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008).

To defeat B&C Defendants' Rule 12(b)(6) Motion, Plaintiff must plead facts showing that "a claim has facial plausibility"–"factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to

---

[2] Lack of *statutory* standing is properly attacked as a failure to state a claim under Rule 12(b)(6). *Petzschke v. Century Aluminum Co. (In re Century Aluminum Co. Sec. Litig.)*, 729 F.3d 1104, 1109 (9th Cir. 2013).

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Moreover,

> When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are "merely consistent with" their favored explanation but are also consistent with the alternative explanation. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, *see Twombly*, 550 U.S. at 554, in order to render plaintiffs' allegations plausible within the meaning of *Iqbal* and *Twombly*.

*Petzschke*, 729 F.3d at 1108.

Finally, while the Court considers well-pleaded facts as true when considering a Rule 12(b)(6) motion, it does not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Martinez v Goddard*, 521 F. Supp. 2d 1002, 1011 (D. Ariz. 2007)("court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences, or unwarranted deductions of facts"). Thus, mere legal conclusions "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79.

### III. ARGUMENT.

#### A. Plaintiffs' 11 U.S.C. §547-§550 and A.R.S. §44-1004 Claims Fail for Numerous Reasons.

As set forth in Verde's MTD, 6:20-10:5 and fully incorporated herein, Plaintiffs' 11 U.S.C. §547-§550 and A.R.S. §44-1004 avoidable transfer claims fail to state claims upon which relief can be granted for numerous reasons.

##### 1. Plaintiffs Lack Standing to Assert Claims under 11 U.S.C. §547- §550 and A.R.S. §44-1004.

As set forth in Verde's MTD, 6:20-8:18, Plaintiffs lack standing to assert claims under 11 U.S.C. §§548-550 and A.R.S. §44-1004. Because the Avoidance Actions are expressly reserved in the Plan for the benefit of the creditors, any 11 U.S.C. §§548-550 and A.R.S. §44-1004 claims remain the property of the Hendon Estate after the confirmation. *See, e.g., In re Trident Shipworks, Inc.*, 262 B.R. 107, 109 (Bankr. M.D. Fla. 2001) (chapter 11 debtor has

standing to institute actions to recover or set aside post-confirmation voidable transfers pursuant to §549). Accordingly, Plaintiffs, individual creditors, lack standing to bring such claims against B&C Defendants. *In re Vandevort*, 2009 WL 7809927, *5-6 (9th Cir. B.A.P. 2009); *In re Saylor*, 178 B.R. 209, 215 (9th Cir. B.A.P. 1995), *aff'd.*, 108 F.3d 219 (9th Cir. 1997); *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 827-28 (9th Cir. B.A.P. 1986); *In re Hoyt*, 447 B.R. 283, 287-88 (Bankr. D. Ariz. 2011); *In re Pac. Gas & Elec. Co.*, 281 B.R. 1, 14 (Bankr. N.D. Cal. 2002), *aff'd.*, 433 F.3d 1115 (9th Cir. 2006).

Thus, Plaintiffs' alleged fraudulent transfer claims under 11 U.S.C. §§547-550 and A.R.S. §44-1004, are claims of the Hendon Estate and, as such, can only be asserted by the Trustee and not by individual creditors such as Plaintiffs.

**2. 11 U.S.C. §544 and §548 Do Not Apply to Post-petition Transfers--the Only Transfers Alleged Against B&C Defendants.**

In addition, as set forth in Verde's MTD, 7:11-16, there is no cause of action for a post-petition fraudulent transfer under 11 U.S.C. §544 and §548. Mr. Hendon filed his petition on July 25, 2011. Therefore §544 and §548 are not applicable to any alleged transfers occurring after July 25, 2011. Thus, the B&C Defendants have only represented Mr. Hendon post-petition. Accordingly, Plaintiffs' allegations of avoidable transfers against B&C Defendants are all post-petition and therefore fail to state a claim under 11 U.S.C. §544 and §548.[3]

**3. Plaintiffs also Fail to State an Avoidable Transfer Claim Against B&C Defendants Because There was no Alleged Transfer of Mr. Hendon's Property.**

As also set forth in Verde's MTD, 8:19-9:16, 11 U.S.C. §548 permits the Trustee to avoid a transfer of "an interest of the debtor in property"; A.R.S. § 44-1004(A) defines only "transfer made . . . by a debtor" as fraudulent; and 11 U.S.C. §549 only permits avoidance of a

---

[3] Moreover, as set forth in Hendons' 5/16/16 MTD, 6:24-7:20, incorporated in B&C Defendants' 6/1/16 MTD and herein, because no trustee was appointed, Plaintiffs had until "2 years after the entry of the order of release (July 25, 2011 [Amended Complaint, ¶45])," to bring any alleged §548 transfer prepetition claims pursuant to 11 U.S.C. §546(a). Plaintiffs brought this action on March 4, 2016. Thus, any §548 prepetition claims are also time barred.

transfer of "property of the estate." Thus, even if Plaintiffs did obtain the Trustee's causes of action, the claims against B&C Defendants would still be subject to dismissal because Plaintiffs were never entitled to any of the property that Plaintiffs allege was transferred to B&C Defendants.

The Amended Complaint alleges that during 2015, the B&C Defendants "accepted at least (7) wire transfers of approximately $45,000 from Heather Hendon to pay for Debtor's legal fees, knowing that said funds are the proceeds from the fraudulent sale of the car wash." [Amended Complaint, ¶66.] This was neither a transfer made by the debtor, Hendon, nor a transfer of his interest in property or property of his estate. First, as discussed in Verde MTD and herein, Plaintiffs' allegations of a "fraudulent sale of the car wash" fail the specificity requirements of Fed. R. Civ. P. 9(b). Second, Plaintiffs allege proceeds from the Car Wash Entities' bankruptcy (not Hendon's Estate) were used by Heather Hendon to pay legal fees owed by Hendon to B&C Defendants. Plaintiffs are not creditors of Heather Hendon, and contrary to Plaintiffs' deficient fraud allegations, she transferred her own property. *See, e.g., In re Milby*, 2016 WL 778164, at *3 (9th Cir. BAP. Feb. 24, 2016) ("[O]nly a creditor of a debtor/transferor can seek avoidance of the debtor's fraudulent transfers.").

**4.    Plaintiffs' Avoidable Transfer Claim Against B&C Defendants Also Fails Because B&C Defendants were not Transferee's of the Estate's Property.**

As also set forth in Verde's MTD, 9:17-9:27, Plaintiffs' avoidable transfer claim can only be recovered from transferees of the Hendon Estate's property. As discussed above, there was no transfer of the Hendon Estate's property to B&C Defendants and therefore they were not transferees of the Hendon Estate's property.

**5.    Plaintiffs' Avoidance Actions are Further Barred by *In Pari Delicto*.**

As set forth in Verde MTD, 10:1-10:5, if Plaintiffs do obtain claims of the Trustee, Plaintiffs would then stand in the shoes of the Trustee, who stands in the shoes of Hendon, and therefore Hendon's involvement alleged in the Amended Complaint further bars Plaintiffs' fraudulent conveyance claims on *in pari delicto* grounds.

**B.  Plaintiffs' 18 U.SC. §1343 Wire Fraud and 18 U.SC. §1956 Money Laundering Claims Fail For Lack of Standing.**

As set forth in Verde's MTD, 10:6-15, Plaintiffs' 18 U.SC. §1343 Wire Fraud and 18 U.SC. §1956 Money Laundering Claims fail for lack of standing because neither creates a private cause of action. *Erickson v. Long Beach Mortg. Co.*, 2011 U.S. Dist. LEXIS 20919, 2011 WL 830727 (W.D. Wash. Mar. 2, 2011), *aff'd*, 473 Fed. Appx. 746 (9th Cir. 2012).

**C.  Plaintiffs' 18 U.S.C. §1962 Civil RICO Claim Against B&C Defendants Fails for Numerous Reasons.**

Likewise, as set forth in Verde's MTD, 10:16-23:24 and fully incorporated herein, Plaintiffs' 18 U.S.C. §1962 RICO claim fails to state a claim upon which relief can be granted for numerous reasons.[4] As set forth in Verde's MTD, 10:17-12:16, courts must scrutinize RICO claims to prevent plaintiffs defeating motions to dismiss by tacking on "self-serving conclusions that the conduct amounted to racketeering." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991). Courts must evaluate the RICO allegations separately as to each defendant and they must satisfy Fed. R. Civ. P. 9(b)'s heightened pleading requirements. As Verde's MTD correctly notes, Plaintiffs here attempt to recast a meritless fraudulent transfer claim for which they lack standing, by alleging an equally meritless RICO claim.

**1.  Plaintiffs' RICO Claim Likewise Fails for Lack of Standing.**

As set forth in Verde's MTD, 12:17-13:5, Plaintiffs' alleged post-petition RICO claims also may only be asserted by the Trustee and thus fail for lack of standing. *Estate of Spirtos v. One San Bernadino Cty, Superior Court Case Numbered SPR 02211*, 443 F.3d 1172, 1174-76 (9th Cir. 2006); *Hamid v. Price Waterhouse*, 51 F.3d 1411, 1419-20 (9th Cir. 1995).

**2.  Plaintiffs Have Not Alleged a Cognizable RICO Injury.**

As set forth in Verde's MTD, 13:6-15:12, Plaintiffs also lack standing regarding Plaintiffs' 18 U.S.C. §1962 claim and the claim fails because Plaintiffs have not alleged sufficient facts to establish a valid RICO injury or proximate cause. 18 U.S.C. §1964(c); *Hill*

---

[4] As set forth in Verde's MTD, 23:5-24, Plaintiffs' inability to allege a violation of 18 U.S.C. §1962(c) means they also cannot allege a violation of 18 U.S.C. §1962(d).

*v. Opus Corp.*, 841 F. Supp. 2d 1070, 1089 (C.D. Cal. 2011)(RICO claim requires plaintiffs allege defendants' violation of §1962 caused injury to their business or property). As discussed in Verde's MTD, 13:14-14:13, RICO standing requires Plaintiffs to identify harm to a "specific business or property interest," *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005), and an "expectancy interest" is insufficient. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002). As noted in the Verde MTD, Plaintiffs, unsecured creditors of Hendon by virtue of their judgment against him, had only an expectancy interest in property of the Hendon Estate. *Hill*, 841 F. Supp. 2d at 1091. Moreover, Plaintiffs do not have even an *expectancy* interest in the property that was allegedly transferred by Heather Hendon to pay Hendon's legal fees, because it was not property of the Hendon Estate. Thus, Plaintiffs cannot establish RICO standing or a RICO injury.

As set forth in Verde MTD, 14:14-15:12, Plaintiffs have also failed to allege facts sufficient to demonstrate proximate cause required for a cognizable RICO injury. In addition to the arguments set forth in Verde MTD, 14:14-15:12, Plaintiffs have likewise failed to allege facts sufficient to demonstrate that any of B&C Defendants' actions were the proximate cause of Plaintiffs' alleged injury. B&C Defendants provided legal services to Mr. Hendon as of October 28, 2014. The mere provision of legal services does not proximately cause alleged RICO damages. *See, e.g., RSM Prod. Corp. v. Freshfields Bruckhaus Deringer U.S. LLP*, 682 F.3d 1043, 1051 n.7, (D.C. Cir. 2012)(appellate courts have declined to extend RICO liability under §1962(c) to an attorney's provision of routine legal services); *Walter v. Drayson,* 538 F.3d 1244, 1248-49 (9th Cir. 2008)(performing legal services does not result in liability under §1962(c)); *Baumer v. Pachl*, 8 F.3d 1341, 1344-45 (9th Cir. 1993)(same). As in *Baumer*, *Walter* and *RSM*, B&C Defendants' legal advice and services were consistent with the normal business practices of an attorney representing his client under the given circumstances and did not proximately cause Plaintiffs any alleged RICO damages.

### 3. Plaintiffs' RICO Claim is also Barred by *In Pari Delicto*.

As also set forth in Verde's MTD, 15:13-15:23 and discussed above, if Plaintiffs obtain claims of the Trustee, Plaintiffs would ultimately stand in the shoes of Hendon and

Plaintiffs' alleged RICO claim would be barred by the doctrine of *in pari delicto*. *See, e.g., Republic of Iraq v. ABB AG*, 768 F.3d 145, 162-63 (2d Cir. 2014).

### 4. Plaintiffs' RICO Claim does not Adequately Allege a Continuous Pattern of Racketeering Activity.

As also set forth in Verde's MTD, 15:24-23:14, Plaintiffs' alleged RICO claim fails to adequately allege a "pattern of racketeering activity." First, as set forth in Verde MTD, 16:1-18:9, Plaintiffs insufficiently allege a "continuous pattern." As was true with the Original Complaint, the Amended Complaint alleges a series of fraudulent transfers in furtherance of a single and inherently terminable scheme (to "avoid collection of debts owed") aimed at a discrete set of victims (Plaintiffs and other creditors) as the "racketeering activity." As such, Plaintiffs can prove no set of facts demonstrating either closed- or open-ended continuity. *See e.g.*, *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995) (the combination of a single scheme, single injury, and few victims "makes it virtually impossible for plaintiffs to state a RICO claim.").

As set forth in Hendons' 5/16/16 MTD, incorporated in B&C Defendants' 6/1/16 MTD, open-ended continuity is lacking where the plaintiff has not alleged facts showing that the racketeering acts "include a specific threat of repetition extending indefinitely into the future." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 242 (1989). *See also Ace Pro Sound & Recording, LLC v. Albertson*, 512 F. Supp. 2d 1259 1267 (S.D. Fla. 2007) (the racketeering activity must "inherently include[] the potential for repetition in perpetuity"); *Turner v. Cook*, C 01-3884 CW, 2002 WL 34420751 (N.D. Cal. Aug. 28, 2002) (no pattern of racketeering activity where predicate acts were "finite in nature").

Here, there is no threat of repetition in perpetuity because the alleged bankruptcy fraud and fraudulent transfers are "inherently terminable"–once the assets are fraudulently transferred, the scheme necessarily terminates. "[I]t is significant that the alleged acts here all revolve around a bankruptcy. [T]he scheme here is "inherently terminable" in that it necessarily ended with the bankruptcy to which it related. In these circumstances, plaintiffs' allegations are not sufficient to suggest a threat of continuity." *First Capital Asset Mgmt., Inc. v. Brickelbush, Inc.*, 150 F. Supp. 2d 624, 634 (S.D.N.Y. 2001), *aff'd sub nom.*, *First*

*Capital Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d 159 (2d Cir. 2004)(citations and quotations omitted). Likewise, the alleged scheme here terminated once the alleged fraudulent transfers were completed, and the threat of criminal conduct does not extend indefinitely into the future. *H.J. Inc.,* 492 U.S. at 242. In the Ninth Circuit, allegations of a single purpose scheme are insufficient to establish open-ended continuity. *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 366 (9th Cir. 1992); *Durning v. Citibank, Int'l*, 990 F.2d 1133, 1139 (9th Cir. 1993).

Where, as here, plaintiff alleges injuries arising out of a closed set of discrete predicate acts that do not threaten to repeat in the future, plaintiff must prove closed-ended continuity. *H.J. Inc.*, 492 U.S. at 242; *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.,* 385 F.3d at 182. However, Plaintiffs' allegations do not support closed-ended continuity. The Ninth Circuit has held that where a single scheme is alleged against a discrete set of victims, RICO's pattern closed-ended continuity requirement is not met. *See, e.g., Medallion Television Enters. v. SelecTV of California, Inc.*, 833 F.2d 1360, 1363 (9th Cir. 1987) (no threat of continuity in a case involving "a single alleged fraud with a single victim"); *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529 (9th Cir. 1992) (defendants' single purpose scheme to terminate plaintiff's employment does not constitute a pattern for purposes of RICO).

### 5. Plaintiffs do not Adequately Alleged an Association in Fact Enterprise.

As also set forth in Verde's MTD, 18:10-19:25, Plaintiffs' alleged RICO claim fails to adequately allege an "association in fact enterprise" pursuant to *Boyle v. United States*, 556 U.S. 938, 938-39 (2009).[5] Like as to Verde, Plaintiffs have not alleged any facts demonstrating B&C Defendants were aware of the alleged parallel schemes allegedly carried out by other alleged members of the alleged enterprise.

Moreover, even assuming, *arguendo*, that there was an enterprise under RICO (which as discussed above there was not), Plaintiffs' RICO claim as to the B&C Defendants also fails because B&C Defendants' role was solely providing legal services regularly provided by

---

[5] Nor do Plaintiffs' contrary conclusory allegations in the Amended Complaint defeat a motion to dismiss. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

bankruptcy counsel to a bankrupt debtor. Pursuant to *Reves v. Ernst & Young*, 507 U.S. 170, 173, 179, 185 (1993), to meet the "conduct or participate requirement" element of §1962(c), a defendant "must participate in the operation or management of the enterprise itself." *See also Walter,* 538 F.3d at 1248-49 (performing legal services does not rise to the level of direction for liability under §1962(c)); *Baumer*, 8 F.3d at 1344-45)(providing legal services in the normal course of representing a client alleged to have violated RICO does not satisfy the "conduct or participate requirement" of §1962(c)); *RSM,* 682 F.3d at 1051, n.7 ("circuit courts of appeals have declined to extend RICO liability under §1962(c) to an attorney's provision of routine legal services.") As in the above cases, B&C Defendants' legal advice and services were consistent with normal business practices of an attorney representing a client under these given circumstances and do not satisfy the "conduct or participate requirement" of §1962(c).

Likewise, Plaintiffs cannot satisfy the additional RICO elements that B&C Defendants were "aware of the essential nature and scope of the enterprise and intended to participate in it," *Baumer*, 8 F.3d at 1346, or that B&C Defendants, "knowingly agree[d] to facilitate a scheme which includes the operation or management of a RICO enterprise" *United States v. Fernandez,* 388 F.3d 1199, 1230 (9th Cir. 2004). Nor does receiving payments for their legal services from one alleged to have violated RICO result in RICO liability as to B&C Defendants. *See, e.g., RSM*, 682 F.3d at 1050-51 (source of fees does not support plausible inference of awareness of the essential nature and scope of the RICO enterprise).

**6. Plaintiffs do not Adequately Plead a RICO Predicate Offense.**

As also set forth in Verde's MTD, 19:26-23:14, contrary to their conclusory allegations, Plaintiffs have not adequately pled a RICO predicate offense.

**7. Plaintiffs' RICO Claim also does not meet Rule 9(b)'s Particularity Requirements.**

Finally, as discussed in Verde's MTD, 11:25-12:16 , Plaintiffs' RICO claims against B&C Defendants also should be dismissed because Plaintiffs' allegations fail to comply with Fed. R. Civ. P. 9(b)'s particularity requirement. Rule 9(b) applies to civil RICO fraud claims

such as alleged here. *See, e.g., Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004); *Mostowfi v. 12 Telecom Int'l, Inc.*, 269 Fed. Appx. 621, 623 (9th Cir. 2008); *Williams v. Flying J, Inc.,* 2015 Bankr. LEXIS 2820, *56, 64-65 (Bankr. W.D. Tenn. Aug. 21, 2015).

Under Rule 9(b), Plaintiffs' RICO allegations must specify the time, place, and specific contents of the alleged underlying fraudulent RICO predicate acts as to each defendant, and must differentiate allegations as to each defendant so as to inform each defendant separately of the allegations surrounding each's alleged participation in the fraud, rather than merely lumping multiple defendants together. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Additionally, Plaintiffs must show scienter. *Williams,* 2015 Bankr. LEXIS 2820 at *56, 64-65. Plaintiffs' allegations regarding B&C Defendants' alleged acts fail to satisfy Rule 9(b) and thus should be dismissed. *See, e.g., Mostowfi*, 269 Fed. Appx. at 624 (plaintiffs' RICO action failed Rule 9(b) because statements failed to state the "who, what, where, when and how" of the alleged misconduct); *Williams,* 2015 Bankr. LEXIS 2820 at *64-65 (failure to satisfy Rule 9(b) causes the dismissal of a RICO claim for failure to plead the predicate acts).

**D. Plaintiffs' Negligence and Negligence Per Se Claims Against B&C Defendants Also Fail.**

As set forth in Verde's MTD, 25:2-27:13 and fully incorporated herein, Plaintiffs' Negligence and Negligence Per Se claims fail to state claims upon which relief can be granted because: (1) any alleged negligence claims are displaced by the Uniform Fraudulent Transfer Act; (2) Plaintiffs have no negligence per se claim under Arizona law because there was no violation of a public safety statute and no causation; and (3) Plaintiffs cannot establish that B&C Defendants owed them a duty, breached any such duty to them, and or that any such alleged breach was the actual and proximate cause of their alleged damages. *Glaze v. Larsen*, 207 Ariz. 26, 29 (2004); *Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990).

Plaintiffs are adverse parties to B&C Defendants' client Hendon, and as such their negligence allegations against B&C Defendants fail as a matter of Arizona law. Under Arizona law, a claim of negligence by a non-client against an attorney in the course of representing a client, and whether the attorney owes a duty to the non-client, is analyzed under

the Restatement (Third) of the Law Governing Lawyers, §51(3). *Paradigm Ins. Co. v. Langerman Law Offices, P.A.*, 200 Ariz. 146, 152-53 (2001); *Capitol Indem. Corp. v. Fleming*, 203 Ariz. 589, 591-92 (App. 2002). Restatement, §51(3) provides an attorney representing a client has a duty to an adverse non-client when: "(a) the lawyer knows that a client intends as one of the primary objectives of the representation that the lawyer's services benefit the non-client; (b) such a duty would not significantly impair the lawyer's performance of obligations to the client; and (c) the absence of such a duty would make enforcement of those obligations to the client unlikely." *Paradigm*, 200 Ariz. at 152-153, *quoting* Restatement § 51(3).

Thus, contrary to Plaintiffs' allegations, B&C Defendants did not owe Plaintiffs a duty under Restatement, §51(3). First, the Amended Complaint does not allege, nor can it, that Hendon intended that a primary objective of his representation was that B&C Defendants' services benefit Plaintiffs, or that B&C Defendants knew of any such intention. Second, recognition of such a duty would "significantly impair" B&C Defendants' performance of their obligations to Hendon the client."[6] This is especially true where, as here, the adverse non-client is also represented by counsel. Plaintiffs, adverse parties with their own counsel in an arm's length transaction, are too remote from B&C Defendants to be entitled to protection under Restatement §51. *See, e.g., Wetherill v. Basham*, 197 Ariz. 198 (App. 2000)(refusing to impose on attorney a duty of care to an adverse non-client); *Kremser*, 201 Ariz. at 419, 36 P.3d at 767 (adversarial circumstances where no duty is expressly assumed and no shared benefit exists, no risk of liability to non-client); *Accord Kravitz v. The Am. Jewish Comm.*, 2006 U.S. Dist. LEXIS 68601, *3-4 (D. Ariz. Sept. 21, 2006).

---

[6] Restatement § 51(3), cmt. g illustrates the importance of these two criteria in deciding the duty question: "A nonclient's claim under Subsection (3) is recognized only when doing so will both implement the client's intent and serve to fulfill the lawyer's obligations to the client without impairing performance of those obligations in the circumstances of the representation. ***A duty to a third person hence exists only when the client intends to benefit the third person as one of the primary objectives of the representation. . . . Without adequate evidence of such an intent, upholding a third person's claim could expose lawyers to liability for following a client's instructions in circumstances where it would be difficult to prove what those instructions had been.*** Threat of such liability would tend to discourage lawyers from following client instructions adversely affecting third persons." (Emphasis added.)

Thus, Plaintiffs' Negligence and Negligence Per Se Claims should also be dismissed.

### E. Plaintiffs' Alter Ego Liability, Punitive Damages and Constructive Trust Claims Also Require Dismissal.

Likewise, as set forth in Verde's MTD, 23:24-25:1 and 27:14-18 and fully incorporated herein, Plaintiffs have no claims for Alter Ego Liability, Punitive Damages or Constructive Trust, and such claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### F. This Court Should Dismiss the Amended Complaint with Prejudice, Without Leave to Further Amend Because Such Would be Futile.

As discussed in Section I, *supra*, pp. 2-4, Plaintiffs have already amended their Complaint once in the face of pending motions to dismiss. Their Amended Complaint is subject to dismissal for the same reasons. For reasons set forth in Verde's MTD and herein, further attempts to amend Plaintiffs' Amended Complaint would be futile. Accordingly, the Court should dismiss the Amended Complaint with prejudice and deny any further request to amend as futile. *Chinatown Neighborhood Ass'n v. Harris*, 794 F.3d 1136, 1143 (9th Cir. 2015) (leave to amend may be denied if it would be "futile in saving the plaintiff's suit").

## IV. CONCLUSION.

For the foregoing reasons, B&C Defendants respectfully request that the Court dismiss Plaintiffs' First Amended Adversary Complaint against B&C Defendants with prejudice.

DATED September 15, 2016.

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: ___*s/Anthony S. Vitagliano*___
Robert B. Zelms
Anthony S. Vitagliano
*Attorneys for B&C Defendants*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 15, 2016, the foregoing document was electronically transmitted to the Clerk's Office using CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following registrants:

Marc Y. Lazo
mlazo@whbllp.com
**WILSON KEADJIAN BROWNDORF, LLP**
1900 Main Street, Suite 600
Irvine, CA 92614
*Attorneys for Plaintiffs Diversified Funding Group LLC,*
    *Fortuna Asset Management, LLC, HCM Retirement Trust,*
    *Rightpath Investors, LLC, Sirotka Holdings, LLC,*
    *Southwest Development Partners, LLC,*
    *The Faradjollah Fred Djahandideh Trust,*
    *Van Buren Development, LLC, iDea Services, LLC,*
    *Drew Sherline, Fred Djahandideh, and Reynaldo Gutierrez*

Susan M. Freeman
sfreeman@lrrc.com
Robert McKirgan
rmckirgan@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE, LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendants Ernie Garcia, Verde Investments, Inc.,*
    *Verde Auto Services, LLC, and Steve Johnson*

Helen R. Holden
Helen.Holden@sackstierney.com
**SACKS TIERNEY PA**
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, Arizona 85251
480-425-2600
*Attorneys for Defendants Ellis Rubenstein, Prudential Metal*
    *and Steel Supply LLC, and E Management Consulting*

Barry R. Levy
blevy@horvitzlevy.com
Steven S. Fleischman
sfleischman@horvitzlevy.com
Dean A. Bochner
dbochner@horvitzlevy.com
**HORVITZ & LEVY LLP**
15760 Ventura Boulevard, 18th Floor
Encino, California 91436-3000

-and-

| | |
|---|---|
| 1 | Robert Shull<br>rshull@dickinsonwright.com |
| 2 | Charles H. Oldham<br>coldham@dickinsonwright.com |
| 3 | Carolyn J. Johnsen<br>cjjohnsen@dickinsonwright.com |
| 4 | Katherine Anderson Sanchez<br>ksanchez@dickinsonwright.com |
| 5 | **DICKINSON WRIGHT** PLLC<br>1850 North Central Avenue, Suite 1400 |
| 6 | Phoenix, AZ 95004<br>*Attorneys for Defendants Heather Hendon and* |
| 7 | *Victoria Hendon* |
| 8 | Jerry L. Cochran<br>jcochran@cochranlawfirmpc.com |
| 9 | **COCHRAN LAW FIRM, P.C.**<br>301 E. Virginia Avenue, Suite 3300 |
| 10 | Phoenix, AZ 85004<br>*Attorneys for Defendant Kelly Carroll* |
| 11 | |
| 12 | Laura A. Rogal<br>lar@jaburgwilk.com<br>**JABURG & WILK** |
| 13 | 3200 N. Central Avenue, 20th Floor<br>Phoenix, AZ 85012 |
| 14 | *Attorneys for Defendant Ernie Vasquez* |
| 15 | Robert C. Warnicke<br>robert@warnickelaw.net |
| 16 | **WARNICKE LAW PLC**<br>777 East Thomas Road, Suite 210 |
| 17 | Phoenix, AZ 85014<br>*Attorneys for Nell Hendon* |
| 18 | -AND- |
| 19 | that a copy of the foregoing was emailed and mailed this same date to: |
| 20 | Gil Olguin |
| 21 | gmolguin@usa.com<br>5600 Grand Guiness Ct. |
| 22 | Las Vegas, NV 89130-1366<br>*Defendant In Pro Per* |
| 23 | -AND- |
| 24 | that a copy of the foregoing was mailed this same date to: |
| 25 | Jay Swart |
| 26 | 2525 E. Elm<br>Phoenix, Arizona 85016 |
| 27 | *Defendant in Pro Per* |
| 28 | |

| | |
|---|---|
| 1 | John E. Parzych<br>**NUSSBAUM GILLIS & DINNER, P.C.** |
| 2 | 14850 N. Scottsdale Road, Suite 450<br>Scottsdale, AZ 85254-2884 |
| 3 | *Attorneys for Defendants PacWest Energy, LLC,*<br>　　*Equilon Enterprises, LLC, and Jacksons Food Stores, Inc.* |
| 4 | |
| 5 | By: ___*s/Kimberly Sheble*___ |