# EXHIBIT 1

# SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (this "**Agreement**") is made and entered into this [ ] day of October, 2016 by and between, Diversified Funding Group, LLC, an Arizona limited liability company ("**DFG**"), Reynaldo Gutierrez, the Faradjollah Fred Djahandideh Trust, Drew Sherline, Rightpath Investors, LLC, Sirotka Holdings, LLC, iDea Services, LLC, Van Buren Development, LLC, Southwest Development Partners, LLC, and Fortuna Asset Management, LLC, (collectively referred to herein as "**Plaintiffs**") and Ernie Garcia, Verde Investments Inc., an Arizona corporation, Verde Auto Services, LLC, an Arizona limited liability company, and Steven Johnson (the "**Verde Parties**"), Heather Hendon and Victoria Hendon (the "**Hendon Parties**"), PacWest Energy, LLC, a Delaware limited liability company, Jacksons Food Stores, Inc., a Nevada corporation, Equilon Enterprises, LLC, a Delaware limited liability corporation (the "**PacWest Parties**") (collectively, the Verde Parties, Hendon Parties and PacWest Parties referred to herein as "**Settling Defendants**"), and Thomas H. Allen, Plan Agent and Trustee ("**Trustee**") of the Liquidating Trust Agreement and Declaration of Trust dated November 12, 2012 ("**Trust**"), in Daniel Hendon's Chapter 11 bankruptcy case. DFG, the Trustee and the Settling Defendants shall collectively be referred to herein as the "**Parties**."

## RECITALS

A. Whereas, on March 4, 2016, amended on August 2, 2016, DFG instituted an adversary proceeding in the United States Bankruptcy Court, District of Arizona Case No. 2:16-ap-00127 ("**Adversary Action**"), styled *Diversified Funding Group v. Hendon et al.* against judgment debtor Daniel Hendon, a debtor in a pending case under Chapter 11 of the Bankruptcy Code, U.S. Bankruptcy Court for the District of Arizona ("**Bankruptcy Court**") No. 2:11-bk-21164-SHG ("**Bankruptcy Case**"), and others including the Settling Defendants.

B. On March 4, 2016, DFG also filed a civil complaint in the Superior Court of California, County of Orange, Case No. 30-2016-00839008-CU-FR-CJC styled *Diversified Funding Group v. Hendon et al.*, against the same defendants except for Daniel Hendon, which was removed to the United States District Court for the Central District of California, Case No. 8:16-cv-00823 and amended on August 2, 2016 ("**California Action**"). The Trustee filed an adversary complaint in the Bankruptcy Court against Settling Defendant Heather Hendon, Adv. Case No. 2:15-ap-00739 ("**Trustee's Hendon Adversary**"). The Adversary Action together with the California Action and Trustee's Hendon Adversary shall collectively be referred to herein as the "**Actions**." The Trustee also filed an adversary complaint in the Bankruptcy Court against non-settling defendant Kelly Carroll Hendon, Adv. Case No. 2:15-ap-00740 ("**Trustee's Retained Adversary**").

C. Whereas, on July 1, 2016, the Trustee filed a motion in the Bankruptcy Case ("**Motion for Sale**") seeking Bankruptcy Court approval of the sale to Plaintiffs of any and all litigation claims, rights, standing and interest that the Trustee and the Trust hold against any of the defendants in the Actions and an additional Trustee adversary proceeding against one of the defendants who is not a Settling Defendant, and any future lawsuits, claims, or other proceedings initiated in law or equity by Plaintiffs for which the Trustee and the Trust would hold litigation claims, rights, standing or any interest (Bankruptcy Case Dkt. 180). In conjunction with the Motion for Sale, the Trustee and Plaintiffs executed the Purchase and Sale Agreement ("**PSA**"), pending approval by the Bankruptcy Court in conjunction with the Motion for Sale. Pursuant to the PSA, the

2011011744_4

Trustee was to receive 10% of any and all gross recovery, proceeds, or payment derived from the Litigation and from any of the defendants listed in the Litigation as currently stated and as may be amended from time-to-time to include additional defendants (collectively, the "**PSA Defendants**"), and as may be re-filed alleging similar claims against any of the PSA Defendants, wherein "Litigation" is defined in the PSA as "all of the following proceedings: (i) Adversary Proceeding No. 2:16-ap-00127 pending in the Bankruptcy Court; (ii) Case No. 30- 2016-00839008 pending in the Superior Court of the State of California County of Orange Central Justice Center; (iii) Adversary Proceeding No. 2:15-ap-00739 pending in the Bankruptcy Court; and (iv) Adversary Proceeding No. 2:15-ap-00740 pending in the Bankruptcy Court." Some of the Settling Defendants objected to the Motion for Sale, and Settling Defendant Verde Investments, Inc. offered a cash overbid. After briefing and an evidentiary hearing, approval of the sale to Plaintiffs or to Verde Investments, Inc. ("**Sale Proceedings**") is under advisement.

D. Whereas, the Settling Defendants deny any liability to Plaintiffs or the Trustee, and stand by their multiple filings in the Actions and Bankruptcy Case arguing the lack of merit to the Actions. Solely in order to avoid the expense, burden and delay of litigation, and without admitting or acknowledging any liability, the Parties to this Agreement desire to settle all of Plaintiffs' and the Trustee's existing and potential claims against the Settling Defendants, including those resulting from, or in any way connected to the Actions.

NOW THEREFORE, in consideration of the covenants contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1. <u>Recitals</u>. The foregoing recitals are hereby incorporated by reference, and expressly made a part of this Agreement.

2. <u>Settlement Consideration</u>. In consideration of the terms and conditions of this Agreement, including the final and binding release provisions, the Parties have agreed to the following:

(a) Cash Payment. $600,000 in cash or immediately available funds (the "**Cash Payment**"). On the Effective Date, (a) Verde Investments, Inc. shall pay $540,000 of the Cash Payment, to DFG's counsel of record, Wilson Keadjian Browndorf, LLP's Trust Account, pursuant to the wire instructions attached hereto as **Exhibit A**, and $60,000 of the Cash Payment to the Trustee's counsel of record, Allen Barnes & Jones, PLC, pursuant to the wire instructions attached hereto as **Exhibit B.**

(b) Loan Agreement. Verde Investments, Inc. and Distressed Capital Management ("**DCM**") will execute a Loan Agreement (the "**Loan Agreement**") and related documents for a secured and guaranteed Loan (the "**Loan**") in the amount of $2,400,000 (the "**Loan Proceeds**"), with the principal documents in the form attached hereto as **Exhibits C-G** (the "**Loan Documents**"). The Loan Documents shall be executed prior to the Bankruptcy Court hearing on approval of this Settlement Agreement and held by counsel for DFG, contingent upon the Bankruptcy Court order approving this Settlement Agreement

2011011744_4

including the Loan Documents becoming a Final Order. On the Effective Date, DFG's counsel shall deliver the original, signed Loan Documents to Verde Investments, Inc., and Verde Investments, Inc. shall fund the Loan less $20,000 which shall be deducted from the Loan Amount for the fees and expenses due and payable by Borrower Parties on or prior to Closing for Lender's counsel and the title insurance premium for Title Insurance Policy. Under the terms of the Loan Agreement, DCM will issue to Verde Investments, Inc. a secured promissory note (the "**Note**", **Exhibit D**) in an equal amount to the Loan Proceeds, with interest thereon at a rate of twelve percent (12%) per annum with interest only payments to be due and payable quarterly in arrears during the Note term of thirty six (36) months (the "**Term**") and with a balloon payment of the principal due at the end of the Term.

3. <u>Use of Loan Proceeds.</u> DFG shall have no obligations with respect to payment of the Loan, but DFG and DCM agree that DFG shall receive a six percent (6%) return from DCM on DCM's profit from use of the Loan Proceeds (the "**Loan Proceeds Return**"), payable at the end of the Term, DFG also has the potential to receive additional returns if and to the extent DCM chooses to use the Loan Proceeds or a portion thereof, in combination with additional capital sourced by DCM, as DFG's share of Loan Investment Proceeds under DFG-DCM arrangements ("**Loan Investment Proceeds**"). Upon receipt of the Loan Proceeds, the Trustee shall receive $140,000 from DCM ("**Trustee Loan Proceeds**"), which shall be distributed to the Trustee pursuant to the wire instructions previously attached hereto as Exhibit B. The Verde Parties and the Trustee are not directing or requiring any particular investment or use of any Loan Proceeds by DCM or DFG or other Plaintiffs, and the Settling Defendants and the Trustee have no involvement in the use of Loan Proceeds by DCM or DFG or any other party. The Settling Defendants make no representations, warranties or endorsement of any calculations, projections or guarantees of any amount that DFG or DCM or their affiliates may obtain or return to any Plaintiffs or the Trustee. Plaintiffs understand that the sole economic benefit from the Loan to DCM shall be the Loan Proceeds Return to DFG and any Loan Investment Proceeds to DFG, which DFG may share with the other Plaintiffs under separate agreements among those parties. Plaintiffs, and each of them, hereby acknowledge that they are approving the Settlement Agreement including the Loan transaction on this basis.

4. <u>Cooperation Agreement.</u> Within three business days after entry of a Bankruptcy Court order approving this Settlement Agreement, Heather Hendon shall fully execute the cooperation agreement attached hereto as **Exhibit H** ("**Cooperation Agreement**") and incorporated by reference herein, which is contingent upon such order becoming a Final Order, and shall take effect on the Effective Date. Heather Hendon shall deliver the documents referenced in the Cooperation Agreement within 30 days of the Effective Date.

5. <u>Trustee's Judgment.</u> The Trustee, in the exercise of his judgment with respect to maximizing the Daniel Hendon bankruptcy estate and Trust, and his evaluation of information concerning the Actions and the Bankruptcy Case, has concluded that this settlement agreement, including all of its payment and release provisions, is in the best interest of the bankruptcy estate and the Trust, should be approved by the Bankruptcy Court, and should bind any subsequent Chapter 7 trustee appointed in the Bankruptcy Case.

6. <u>Sale Proceedings and Amendment to PSA.</u> On the Effective Date, Verde Investments, Inc. will withdraw its overbid in the Sale Proceedings. On the Effective Date, the Trustee shall sell to Plaintiffs any and all litigation claims, rights, standing and interest that the Trustee and the Trust hold against any of the defendants in the Actions, other than the Settling

2011011744_4

Defendants, and any future lawsuits, claims, or other proceedings initiated in law or equity by Plaintiffs for which the Trustee and the Trust would hold litigation claims, rights, standing or any interest, pursuant to the PSA, which PSA shall be amended and modified to reflect the following change: The reference to "Sale Amount" in Section G of the Recitals of the PSA shall be amended to mean $200,000, which includes the $60,000 Cash Payment and $140,000 Trustee Loan Proceeds as fully detailed above. The Trustee makes no representations or warranties as to Bankruptcy Court approval or the effect of such an approved sale on standing against such other defendants. The Trustee and Plaintiffs have further agreed to exclude from the PSA and refrain from selling any of the Trustee's rights or interest in the Trustee's Retained Adversary. The Approval Order shall approve the sale under the PSA, as amended.

7. Fees and Expenses. Each of the Parties agrees to bear their own costs and attorneys' fees, including but not limited to, those incurred in the negotiation and drafting of this Settlement Agreement and otherwise incurred in connection with the Actions, including its own attorneys' fees, expert witness fees, mediation fees, arbitration fees and any other fees, costs and expenses in connection with the Actions. If any action at law or in equity, including an action for declaratory relief, is brought to enforce or interpret the provisions of this Agreement, the prevailing party shall be entitled to recover actual attorneys' fees, which may be determined by the court in the same action or in a separate action brought to that purpose in additional to any other relief to which the party may be entitled.

8. Dismissal of the Settling Defendants. On the Effective Date, DFG will file the forms of Dismissal with Prejudice and related Stipulations attached as **Exhibits I-J** dismissing the Settling Defendants from the Actions with prejudice. The Parties agree to execute and deliver to opposing counsel such additional paperwork, if any, as is customary and necessary to effect the dismissal of the Settling Defendants. Notwithstanding the preceding sentences in this section, the Trustee's Hendon Adversary shall be dismissed pursuant to **Exhibit K**, which shall be filed by counsel for Heather Hendon.

9. Mutual Releases. As part of the consideration for the execution and performance of this Settlement Agreement according to the terms herein, as of the Effective Date, each Party fully and forever waives and releases any and all existing or potential claims, demands, damages, costs, attorneys' fees, liabilities, obligations, expenditures, liens and causes of action whatever kind or nature, known or unknown, suspect or unsuspected that have been or could have been raised in the Actions, the Bankruptcy Case or otherwise, from the beginning of time until the Effective Date, and covenants not to sue, any Party to this Agreement, any individual, any natural person, organization or entity that would be entitled to seek indemnification or costs of suit from the Parties, any predecessors-in-interest, successors-in-interest, spouses, heirs, assigns, affiliates, parents, subsidiaries, officers, directors, shareholders, partners, members, agents, contractors, employees, attorneys (subject to the sole exception of those claims against Carolyn Johnsen and Dickinson Wright PLLC pled in the Actions), representatives, administrators, heirs, executors, successors and assigns of any of the Parties, including, but not limited to, Verde Investments Inc., an Arizona corporation, Verde Auto Services, LLC, an Arizona limited liability company, Ernie Garcia, Steven Johnson, Heather Hendon, PacWest Energy, LLC, a Delaware limited liability company, Jacksons Food Stores, Inc., a Nevada corporation, Equilon Enterprises, LLC, a Delaware limited liability corporation and Victoria Hendon (the "Released Parties"). All Plaintiffs and other Released Parties further irrevocably waive and covenant not to sue any of the Verde Parties at any time, including after the Effective Date, with respect to any claims relating to use of the Cash

Payment and/or Loan, including arising out of any representations or understandings about money that may be earned with the Loan Proceeds and disposition thereof. All of the Released Parties who are not Parties to this Settlement Agreement will be deemed express third-party beneficiaries of this release provision. Notwithstanding the foregoing, nothing contained in this paragraph 9: (i) shall be construed to prohibit a Party from bringing appropriate proceedings to enforce this Settlement Agreement, the Cooperation Agreement, or the Loan Agreement or other Loan Documents, and the release shall not bar any such claim; (ii) shall impair, limit, or release any of the obligations between Plaintiffs, DCM, the Hendon Parties as stated herein or in the Cooperation Agreement, and the Trustee and as stated herein or in the PSA, as amended; or (iii) shall impair, limit, or release any of the claims or defendants in the Trustee's Retained Adversary.

10. <u>Understanding Regarding Mutual Releases</u>. By signing this Agreement, and without any waiver of the Settling Defendants' position that there is no personal jurisdiction over them in California and that California law does not govern the Actions, each of the Parties to this Agreement expressly waive the protection of Section 1542 of the California Civil Code, and expressly waive and release any rights or benefits arising thereunder and any similar statute or regulation in any other applicable jurisdiction. Section 1542 states as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

11. <u>Discovery of Additional Facts</u>. The Parties acknowledge that they may hereafter discover facts different from, or in addition to, those which each now knows or believes to be true, and each of the Parties agrees that this Agreement shall be and will remain effective in all respects, notwithstanding such different or additional facts or the discovery thereof.

12. <u>No Admission of Liability or Misuse of Settlement Agreement</u>. The Parties acknowledge and agree that this Agreement is one that compromises disputed claims, avoids litigation and buys peace, and that no payments made, nor releases or other consideration given, and no statements made in the Settlement Agreement, Settlement Motion or otherwise in connection with this Settlement Agreement shall be construed as an admission of liability, all liability and allegations of wrongdoing being expressly denied. Neither this Settlement Agreement nor any of its provisions, nor evidence of any negotiations or proceedings related to this Settlement Agreement, shall be offered or received in evidence in the Actions, the Bankruptcy Case, or any other action or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of any of the Settling Defendants or the Released Parties, or anyone acting on their behalf. On and after the Effective Date, nothing herein shall prevent any Party from seeking to offer this Settlement Agreement in evidence for the purpose of enforcing the terms of this Settlement Agreement. Each of the Parties agrees they shall not commence or continue any contested matter, adversary proceeding, lawsuit, arbitration, or other proceeding by whatever name in any forum which contests, disputes, or is in any manner inconsistent with any provision of this Settlement Agreement, specifically including no direct or indirect referrals to the United States Attorney or any governmental agent or agency with respect to allegations in the Actions.

13. <u>Court Approval</u>. This Agreement is subject to and contingent upon the approval by the Bankruptcy Court in its entirety, with no severance of any provisions or exhibits.
2011011744_4

Counsel for the Parties shall cooperate in causing a joint motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure to be filed with the Bankruptcy Court for an order approving this Settlement Agreement ("**Settlement Motion**"). The Settlement Motion and order approving it ("**Approval Order**") shall be in a form acceptable to all Parties. The Approval Order shall include (a) an express finding of fact of the Parties' good faith, (b) the binding effect of the Approval Order on the Parties and all of their successors and assigns including any Chapter 7 trustee appointed in the Bankruptcy Case, (c) the Settling Defendants' shall not be required to participate any further in the Actions, and the Verde Parties' and Victoria Hendon shall not be obliged to participate in any discovery by any party, and discovery against Heather Hendon by the Plaintiffs shall be limited to her obligations set forth in the Cooperation Agreement and (d) an express finding that the settlement is entered into good faith such that any indemnification, contribution, or other claims or cross-claims by any non-settling defendant against the Settling Defendants are extinguished and barred under applicable law, and that the Bankruptcy Court has authority to so order, (e) the Verde Parties have no responsibility or liability for use of the Cash Payment or Loan Proceeds, make no representation or warranty of any calculations or projections of returns from any use of such settlement consideration, and that the Plaintiffs and all parties to the Loan Documents waive any claims against the Verde Parties relating to the Loan including disposition of the Loan proceeds, and (f) the amendments to the PSA described herein are approved, and the Bankruptcy Court approves the sale set forth in the PSA, as amended, effective on the Effective Date. Copies of the Settlement Motion shall be served on all Parties to this Agreement, all Defendants named in the Actions, all parties receiving notice through the ECF filing system in the Bankruptcy Case, and members of DCM-P3. The Bankruptcy Court shall have exclusive jurisdiction to determine as a core proceeding any dispute or controversy with respect to the interpretation or enforcement of this Settlement Agreement.

      14.    Indemnification. In the event that any of party not currently named as a defendant in any of the Actions is subsequently sued by the Plaintiffs and seeks to name any of the Settling Defendants on any third party claim, cross-claim or any other claim seeking contribution or indemnification or any other relief arising out of Plaintiffs' claims asserted in the Actions, the Plaintiffs shall indemnify and hold harmless such Settling Defendant from any all liability, loss, defense costs (including attorneys' fees) or any other cost or expense related to such claim against such Settling Defendant. Pursuant to this indemnification obligation, Plaintiffs shall have a duty to defend such Settling Defendant. Further, DCM as the Loan Borrower, DFG and the Loan Guarantors indemnify and defend the Settling Parties from all claims and damages resulting from any other use of Loan Proceeds by DCM, DFG or any other party. Plaintiffs indemnify and hold Settling Defendants harmless against any liability resulting from DCM's or DFG's failure to satisfy arrangements with Plaintiffs, or any action or omission by DCM or DFG with respect to the Loan or the Cash Payment.

      15.    Effective Date. The "**Effective Date**" when this Settlement Agreement becomes final and binding is the first business day that is at least fifteen days after an order approving this Settlement Agreement becomes a Final Order. A "**Final Order**" for purposes of this Agreement shall be an order as to which the time for appeal has expired, with no appeal having been filed, or any such appeal having been disposed of by order of the highest court to which the appeal is taken, provided however, that all Parties may jointly waive the requirement of final disposition of any appeal, and may fund and effectuate the settlement despite any appeal solely at their election, and further provided that in the event of any objection to the Bankruptcy Court finding that all contribution claims against the Settling Defendants are waived, such finding must be entered in the

California Action before the order becomes a Final Order. In the event that a Final Order approving this Settlement Agreement in this form, or in a substantially similar form acceptable to the Parties, is not entered, (a) this Settlement Agreement and the recitals contained herein shall be without force or effect, and neither this Settlement Agreement nor any of the statements contained herein shall be admissible in any proceeding involving the Parties; and (b) neither the Settlement Motion nor any of the pleadings filed in support of it shall be admissible in any proceeding involving the Parties.

      16.    <u>Capacity and Authority; No Assignment of Claims</u>. Each of the Parties hereby represents and warrants that it has the legal capacity or authority to execute and deliver this Settlement Agreement including all of its Exhibits, to perform its obligations hereunder and to consummate the transactions contemplated hereby, as of the Effective Date. The Trustee represents and warrants that he has the legal capacity and authority to bind the Trust and the bankruptcy estate in the Bankruptcy Case, subject to entry of the Approval Order and as of the Effective Date. This Settlement Agreement has been duly executed and delivered by each of the Parties and constitutes its legal, valid and binding obligation, enforceable against it in accordance with its terms as of the Effective Date. Each of the Parties further represents and warrants that it has not sold, assigned, transferred, conveyed, or otherwise disposed of its rights to settle any claims or other matters covered by this Settlement Agreement, that this Settlement Agreement is entered into in good faith, and that this Agreement is being voluntarily executed by it, having discussed and considered all relevant information and/or advice furnished by their respective attorneys.

      17.    <u>Representations and Warranties</u>. Plaintiffs, the Trustee and Settling Defendants each represent and warrant that (i) they are not relying upon any statements (oral or written), understandings, representations, expectations or agreements other than those expressly set forth in this Agreement, (ii) they have had the opportunity to be represented and advised by legal counsel in connection with this Agreement, (iii) this Agreement is being made voluntarily and of each party's own choice and not under coercion or duress, (iv) they knowingly waive any and all rights to rescind or avoid this Agreement based upon presently existing facts, known or unknown, and (v) they have the full power, authority and capacity to make the commitments contained in this Agreement.

      Plaintiffs represent and warrant that they have agreed upon use of the Cash Proceeds allocated to DFG. Furthermore, Plaintiffs represent and warrant that any arrangements Plaintiffs have with DCM with respect to the Loan and Loan Proceeds shall be solely satisfied by and through DCM, and that Plaintiffs have conducted independent due diligence on DCM, including DCM's finances and intended use of the Loan Proceeds, sufficient to enter into such arrangements. Plaintiffs and DCM waive any and all rights or claims against Settling Defendants with respect to any and all aspects of the Loan and Cash Payment as soon as each is funded, including waiving any and all rights or claims to offset, subordinate or limit in any way repayment of the Loan or object in any manner to the rights, remedies and other provisions in the Loan Documents. Plaintiffs and DFG shall not seek to enforce any rights or claims with respect to DCM against Settling Defendants or Settling Defendants' rights under the Loan Documents.

      18.    <u>Governing Law</u>. This Agreement shall be construed and interpreted under and according to the laws of the State of Arizona. The Parties agree that any action or proceeding brought by any Party to enforce any provision of this Agreement shall be brought in the Bankruptcy Court.

2011011744_4

19. **Entire Agreement; Amendment.** This Agreement and the Exhibits thereto (and supplemental Loan Documents) contain the final and entire agreement and understanding between the Parties hereto with respect to the subject matter hereof, including, without limitation, the Actions. It supersedes all previous agreements and discussions between the Parties as to the matters addressed herein. No amendments or alterations to this Agreement will be effective unless done in writing and signed by all the Parties, and subject to any necessary Bankruptcy Court or other approval.

20. **Notices.** All notices and communications permitted or required hereunder will be in writing and will be deemed to have been duly given when (a) delivered in person; (b) transmitted by electronic mail, provided that notice shall not be deemed given in the event of an automatic response of unavailability, and shall be deemed given the next business day if transmitted after 5:00 p.m. prevailing time of the recipient or on a weekend or legal holiday; or (c) dispatched by a nationally recognized overnight courier service, which shall be deemed given on the business day of such courier's verification of delivery, to the appropriate Party at the address specified below:

If to Plaintiffs to:

Diversified Funding Group, LLC
7595 E. McDonald Dr., Ste 120
Scottsdale, AZ 85250
Attn: Cesar Perez

With a copy to:

Wilson Keadjian Browndorf, LLP
1900 Main Street, Suite 600
Irvine, CA 92614
Attn: Marc Y. Lazo
Email: mlazo@wkbllp.com

If to the Verde Parties, to:

Verde Investments Inc.
1720 W. Rio Salado Parkway
Tempe, AZ 85281
Attn: Ernie Garcia and Steven Johnson
Email: sjohnson@verdeinvestments.com and
ernest.garcia@drivetime.com

With a copy to:

Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
Phoenix, AZ 85004
Attn: Susan M. Freeman and Robert H. McKirgan
Email: sfreeman@lrrc.com and rmckirgan@lrrc.com

If to the Hendon Parties, to:

    Victoria Hendon
    6001 N. Las Colinas Drive
    Paradise Valley, Arizona 85253
    VAH2CUTE@aol.com
    Heather.hendon@aol.com

With a copy to:

    Dickinson Wright PLLC
    1850 North. Central Avenue, Suite 1400
    Phoenix, Arizona 85004
    Attn: Robert Shull and Carolyn Johnsen
    rshull@dickinsonwright.com and cjjohnsen@dickinsonwright.com

If to the PacWest Parties, to:

    PacWest Energy, LLC
    3450 E. Commercial Court
    Meridian, Idaho 83642
    Att'n: Robert Teffeteller
    Email: Robert.teffeteller@jacksonoilco.com

    Jacksons Food Stores, Inc.
    3450 E Commercial Court
    Meridian, Idaho 83642
    Att'n: Tony Stone
    Email: tony.stone@jacksonoilco.com

    Equilon Enterprises, LLC
    Shell Oil Company
    45060C One Shell Plaza
    910 Louisiana St.
    Houston, TX 77002
    Att'n: Zena Habal, Legal Counsel, Litigation
    Email: zena.habal@shell.com

With a copy to:

    Hawley Troxell
    877 Main Street, Suite 1000
    Boise, Idaho 83701
    Att'n: Sheila R. Schwager
    Email: sschwager@hawleytroxell.com

If to the Trustee to:

> Thomas H. Allen
> Allen Barnes & Jones, PLC
> 1850 N. Central Ave., Suite 1150
> Phoenix, AZ 85004
> Email: tallen@allenbarneslaw.com

With a copy to:

> Allen Barnes & Jones, PLC
> 1850 N. Central Ave., Suite 1150
> Phoenix, AZ 85004
> Att'n: Michael A. Jones
> Email: mjones@allenbarneslaw.com

21. <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties to this Agreement and their respective administrators, heirs, executors, successors and assigns, including any Chapter 7 trustee appointed in the Bankruptcy Case.

22. <u>Construction; Headings</u>. No Party to this Agreement shall be deemed to be the drafter of this Agreement for purposes of interpreting or construing any of the provisions of this Agreement. The section headings in this Agreement are for convenience of reference only and shall not be considered in the interpretation or construction of this Agreement.

23. <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Any pdf or facsimile copies hereof or signature thereon shall, for all purposes, be deemed originals.

IN WITNESS WHEREOF, the Parties hereto have signed and delivered this Agreement, or have caused this Agreement to be signed and delivered by their respective duly authorized officers, as of the date first above written.

| DIVERSIFIED FUNDING GROUP, LLC: | ERNIE GARCIA |
|---|---|
| By: *Cesar Perez* (DocuSigned)<br>Cesar Perez<br>Title: Manager<br>Dated: October 08, 2016 | By: _____<br>Ernie Garcia, *individually*<br>Dated: October ___, 2016 |
| REYNALDO GUTIERREZ: | VERDE INVESTMENTS, INC. |
| By: *Rey Gutierrez* (DocuSigned)<br>Reynaldo Gutierrez, *individually*<br>Dated: October 7, 2016: | By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016: |
| THE FARADJOLLAH FRED DJAHANDIDEH TRUST: | VERDE AUTO SERVICES, LLC |
| By: *Fred Djahandideh* (DocuSigned)<br>Name: Fred Djahandideh<br>Its: Trustee<br>Dated: October 7, 2016 | By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016: |
| DREW SHERLINE: | STEVEN JOHNSON |
| By: *[signature]* (DocuSigned)<br>Drew Sherline, *individually*<br>Dated: October 6, 2016: | By: _____<br>Steven Johnson, *individually*<br>Dated: October ___, 2016 |
| RIGHTPATH INVESTORS, LLC: | PACWEST ENERGY, LLC |
| By: *Jim Grant* (DocuSigned)<br>Name: Jim Grant<br>Its: Managing Member<br>Dated: October 6, 2016 | By: _____<br>Name:<br>Title:<br>Dated: October ___, 2016 |
| SIROTKA HOLDINGS, LLC: | VICTORIA HENDON |
| By: *Mike Sirotka* (DocuSigned)<br>Name: Mike Sirotka<br>Its: Managing Member<br>Dated: October 7th, 2016 | By: _____<br>Victoria Hendon, *individually*<br>Dated: October ___, 2016 |

Error! Unknown document property name.

| | |
|---|---|
| DIVERSIFIED FUNDING GROUP, LLC: | ERNIE GARCIA |
| By: _____<br>Cesar Perez<br>Title:<br>Dated: October ___, 2016 | By: _/s/ Ernie Garcia_____<br>Ernie Garcia, *individually*<br>Dated: October _6_, 2016 |
| REYNALDO GUTIERREZ: | VERDE INVESTMENTS, INC. |
| By: _____<br>Reynaldo Gutierrez, *individually*<br>Dated: October ___, 2016: | By: _/s/ Steven P. Johnson_____<br>Name: Steven P. Johnson<br>Its: Vice President<br>Dated: October _6_, 2016: |
| THE FARADJOLLAH FRED DJAHANDIDEH TRUST: | VERDE AUTO SERVICES, LLC |
| By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016 | By: _/s/ Steven P. Johnson_____<br>Name: Steven P. Johnson<br>Its: Vice President<br>Dated: October _6_, 2016: |
| DREW SHERLINE: | STEVEN JOHNSON |
| By: _____<br>Drew Sherline, *individually*<br>Dated: October ___, 2016: | By: _/s/ Steven Johnson_____<br>Steven Johnson, *individually*<br>Dated: October _6_, 2016 |
| RIGHTPATH INVESTORS, LLC: | PACWEST ENERGY, LLC |
| By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016 | By: _____<br>Name:<br>Title:<br>Dated: October ___, 2016 |
| SIROTKA HOLDINGS, LLC: | VICTORIA HENDON |
| By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016 | By: _____<br>Victoria Hendon, *individually*<br>Dated: October ___, 2016 |

2011011744_2

DIVERSIFIED FUNDING GROUP, LLC:     ERNIE GARCIA

By: _____
    Cesar Perez
    Title:
    Dated: October ___, 2016

By: _____
    Ernie Garcia, *individually*
    Dated: October ___, 2016

REYNALDO GUTIERREZ:

VERDE INVESTMENTS, INC.

By: _____
    Reynaldo Gutierrez, *individually*
    Dated: October ___, 2016:

By: _____
    Name:
    Its:
    Dated: October ___, 2016:

THE FARADJOLLAH FRED
DJAHANDIDEH TRUST:

VERDE AUTO SERVICES, LLC

By: _____
    Name:
    Its:
    Dated: October ___, 2016

By: _____
    Name:
    Its:

    Dated: October ___, 2016:

DREW SHERLINE:

STEVEN JOHNSON

By: _____
    Drew Sherline, *individually*
    Dated: October ___, 2016:

By: _____
    Steven Johnson, *individually*
    Dated: October ___, 2016

RIGHTPATH INVESTORS, LLC:

PACWEST ENERGY, LLC

By: _____
    Name:
    Its:
    Dated: October ___, 2016

By: /s/ *[signature]*
    Name: Robert Jeffetelle
    Title: General Counsel
    Dated: October 7, 2016

SIROTKA HOLDINGS, LLC:

VICTORIA HENDON

By: _____
    Name:
    Its:
    Dated: October ___, 2016

By: _____
Victoria Hendon, *individually*
Dated: October ___, 2016

2011011744_2

| | |
|---|---|
| DIVERSIFIED FUNDING GROUP, LLC: | ERNIE GARCIA |
| By: _____<br>Cesar Perez<br>Title:<br>Dated: October ___, 2016 | By: _____<br>Ernie Garcia, *individually*<br>Dated: October ___, 2016 |
| REYNALDO GUTIERREZ: | VERDE INVESTMENTS, INC. |
| By: _____<br>Reynaldo Gutierrez, *individually*<br>Dated: October ___, 2016: | By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016: |
| THE FARADJOLLAH FRED DJAHANDIDEH TRUST: | VERDE AUTO SERVICES, LLC |
| By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016 | By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016: |
| DREW SHERLINE: | STEVEN JOHNSON |
| By: _____<br>Drew Sherline, *individually*<br>Dated: October ___, 2016: | By: _____<br>Steven Johnson, *individually*<br>Dated: October ___, 2016 |
| RIGHTPATH INVESTORS, LLC: | PACWEST ENERGY, LLC |
| By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016 | By: _____<br>Name:<br>Title:<br>Dated: October ___, 2016 |
| SIROTKA HOLDINGS, LLC: | VICTORIA HENDON |
| By: _____<br>Name:<br>Its:<br>Dated: October ___, 2016 | By: /s/ Victoria Hendon<br>Victoria Hendon, *individually*<br>Dated: October 6, 2016 |

2011011744_2

iDEA SERVICES, LLC:

By: *Craig Bittner, Member*
Name: Craig Bittner, Member
Its: Member
Dated: October 9, 2016

VAN BUREN DEVELOPMENT, LLC:

By: *Philip Goyette*
Name: Philip Goyette
Its: Manager
Dated: October 10, 2016

SOUTHWEST DEVELOPMENT PARTNERS, LLC:

By: *Philip Goyette*
Name: Philip Goyette
Its: Manager
Dated: October 10, 2016

FORTUNA ASSET MANAGEMENT, LLC:

By: *Philip Goyette*
Name: Philip Goyette
Its: Manager
Dated: October 10, 2016

EQUILON ENTERPRISES, LLC

By: _____
Name:
Title:
Dated: October ___, 2016

HEATHER HENDON

By: _____
Heather Hendon, *individually*
Dated: October ___, 2016

JACKSONS FOOD STORES, INC.

By: _____
Name:
Title:
Dated: October ___, 2016

TRUSTEE:

Thomas H. Allen, as Trustee of the Liquidating Trust Agreement and Declaration of Trust dated November 12, 2012

By: _____
Name:
Its:
Dated: October ___, 2016

Error! Unknown document property name.

iDEA SERVICES, LLC:

By: _____
    Name:
    Its:
    Dated: October ___, 2016

VAN BUREN DEVELOPMENT, LLC:

By: _____
    Name:
    Its:
    Dated: October ___, 2016

SOUTHWEST DEVELOPMENT PARTNERS, LLC:

By: _____
    Name:
    Its:
    Dated: October ___, 2016

FORTUNA ASSET MANAGEMENT, LLC:

By: _____
    Name:
    Its:
    Dated: October ___, 2016

EQUILON ENTERPRISES, LLC

By: _____
    Name: Carson Greer
    Title: General Manager
    Dated: October 7, 2016

HEATHER HENDON

By: _____
    Heather Hendon, *individually*
    Dated: October ___, 2016

JACKSONS FOOD STORES, INC.

By: _____
    Name:
    Title:
    Dated: October ___, 2016

TRUSTEE:

Thomas H. Allen, as Trustee of the Liquidating Trust Agreement and Declaration of Trust dated November 12, 2012

By: _____
Name:
Its:
Dated: October ___, 2016

2011011744_2

Case 2:16-ap-00127-SHG    Doc 80-1    Filed 10/10/16    Entered 10/10/16 14:52:02    Desc
Exhibit 1    Page 17 of 20

iDEA SERVICES, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

VAN BUREN DEVELOPMENT, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

SOUTHWEST DEVELOPMENT
PARTNERS, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

FORTUNA ASSET MANAGEMENT, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

EQUILON ENTERPRISES, LLC

By: _____
   Name:
   Title:
   Dated: October ___, 2016

HEATHER HENDON

By: _/s/ Heather Hendon_____
   Heather Hendon, *individually*
   Dated: October 6, 2016

JACKSONS FOOD STORES, INC.

By: _____
   Name:
   Title:
   Dated: October ___, 2016

TRUSTEE:

Thomas H. Allen, as Trustee of the Liquidating Trust Agreement and Declaration of Trust dated November 12, 2012

By: _____
   Name:
   Its:
   Dated: October ___, 2016

2011011744_2

iDEA SERVICES, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

VAN BUREN DEVELOPMENT, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

SOUTHWEST DEVELOPMENT
PARTNERS, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

FORTUNA ASSET MANAGEMENT, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

EQUILON ENTERPRISES, LLC

By: _____
   Name:
   Title:
   Dated: October ___, 2016

HEATHER HENDON

By: _____
   Heather Hendon, *individually*
   Dated: October ___, 2016

JACKSONS FOOD STORES, INC.

By: _____
   Name: Tony Stone
   Title: President
   Dated: October 7, 2016

TRUSTEE:

Thomas H. Allen, as Trustee of the Liquidating Trust Agreement and Declaration of Trust dated November 12, 2012

By: _____
Name:
Its:
Dated: October ___, 2016

iDEA SERVICES, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

VAN BUREN DEVELOPMENT, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

SOUTHWEST DEVELOPMENT
PARTNERS, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

FORTUNA ASSET MANAGEMENT, LLC:

By: _____
   Name:
   Its:
   Dated: October ___, 2016

EQUILON ENTERPRISES, LLC

By: _____
   Name:
   Title:
   Dated: October ___, 2016

HEATHER HENDON

By: _____
   Heather Hendon, *individually*
   Dated: October ___, 2016

JACKSONS FOOD STORES, INC.

By: _____
   Name:
   Title:
   Dated: October ___, 2016

TRUSTEE:

Thomas H. Allen, as Trustee of the Liquidating Trust Agreement and Declaration of Trust dated November 12, 2012

By: /s/ Thomas H. Allen
   Name:
   Its:
   Dated: October 7, 2016